## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAZIAH STRICKLAND,                     :          No. 3:26-CV-0238
      **Plaintiff**                      :

                              :          **(Judge Munley)**

    v.                                 :

                              :

NANCY L. BUTTS, *et al.*,              :
      **Defendants**                     :

## MEMORANDUM

Plaintiff Jaziah Strickland initiated the above-captioned *pro se* action under

42 U.S.C. § 1983,[1] alleging constitutional violations during his arrest and pretrial

detention at Lycoming County Prison.  The court will dismiss Strickland's

complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon

which relief may be granted.

## I.    BACKGROUND

Strickland's complaint concerns his arrests in 2024 and 2025 and his

pretrial detention at Lycoming County Prison during the pendency of his criminal

cases.  (See generally Doc. 1).  He first alleges that Lycoming County Court of

Common Pleas Judge Nancy L. Butts approved a search warrant for his

residence without probable cause.  (See id. at 4, 6).  He then claims that

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Detective Tyson Havens and the Narcotics Enforcement Unit (NEU)—presumably of Lycoming County—improperly executed the warrant by breaking down his front door, tearing his home apart, and destroying his personal property.  (Id. at 4).

Strickland next alleges that he was held in pretrial detention at Lycoming County Prison for 16 months while awaiting trial, and during that detention he was subjected to unconstitutional conditions of confinement.  (Id. at 4-5).  He avers that he was confined in the "SMU" for approximately two months, and his cell in the SMU was cold, covered in feces and old food residue, and smelled of "old urine."  (Id. at 5).  After being released from the SMU, he was transferred to the "DLU," where he was subjected to constant lighting for 22 out of 24 hours of the day, causing sleep deprivation, visual hallucinations, and depression.  (Id.)  He alleges that he was held in the DLU for eleven months but does not indicate how long he was subjected to the near-constant illumination.  (Id.)  He further claims that he successfully filed a grievance to address the lighting issue.  (Id.)

Strickland recounts that he was released on bail in August 2025, but arrested again on November 7, 2025, for "posting a music video with a fake prop gun."  (Id.)  He alleges that Detective Havens conducted another "unlawful" search (presumably of Strickland's residence), during which inculpatory evidence was obtained that Strickland describes as "poisonous fruit."  (Id.)  Detective

2

Havens later arrested Strickland on a warrant while Strickland was driving in his fiancé's car with his fiancé and his one-year-old child. (Id. at 6). Strickland asserts that Detective Havens performed an illegal search of the car after unlawfully coercing his fiancé to consent to a vehicle search. (Id.) This vehicle search likewise turned up inculpatory evidence that resulted in criminal charges against Strickland. (Id.)

Although Strickland's complaint is unclear about timing, he alleges that Magisterial District Judge Aaron Biichle signed a second search warrant for a firearm that had been found in a purse during a search based on a warrant that did not include a firearm. (Id.) He appears to allege that the firearm was unlawfully obtained before Magisterial District Judge Biichle signed the second search warrant that permitted seizure of the weapon. (Id. at 6, 7). Strickland alleges that he was charged with possession of this firearm based on this recovered gun. (Id. at 6).

Strickland sues Judge Butts, Magisterial District Judge Biichle, Detective Havens, the Lycoming County NEU, and Lycoming County. (See id. at 2-3). He asserts Section 1983 claims invoking the Fourth, Fifth, Eighth, and Fourteenth Amendments. (See id. at 8). His complaint, however, fails to state a claim for relief, so it will be dismissed.

## II.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  See 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"  Id. § 1915A(b)(1).  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits

4

attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."  Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 681.

Because Strickland proceeds pro se, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Strickland, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.    DISCUSSION

Before addressing the sufficiency of Strickland's complaint, the court must identify the claimed constitutional violations.  See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); Graham v. Connor, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).  As best as the court can determine, Strickland is asserting the following constitutional torts: (1) Fourth Amendment violations regarding allegedly unlawful searches and seizures against Judge Butts, Magisterial District Judge Biichle, Detective Havens, and the NEU; (2) Eighth Amendment excessive bail against Judge Butts or Magisterial District Judge Biichle (or both); (3) Fourteenth Amendment[2] conditions of confinement; and (4) Fifth and Fourteenth Amendment substantive due process regarding "false arrest."  (Doc. 1 at 8).

---

[2] Although Strickland invokes the Eighth Amendment, he avers that he was a pretrial detainee (not a convicted and sentenced prisoner) at the time of the alleged events, (see Doc. 1 at 2), so his conditions-of-confinement claim implicates the Due Process Clause of the Fourteenth

6

Strickland's Section 1983 complaint is flawed for multiple reasons. The court will address his numerous pleading deficiencies in turn.

## A.    Claim(s) Against Narcotics Enforcement Unit

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." Rehberg v. Paulk, 566 U.S. 356, 361 (2012) (emphasis added) (citing Imbler v. Pachtman, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)). Only "persons" are subject to suit under Section 1983, and entities such as prisons, agencies, and private businesses do not qualify as "persons." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-65, 71 (1989); Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); Stankowski v. Farley, 487 F. Supp. 2d 543, 554 (M.D.

---

Amendment, not the Eighth Amendment's prohibition of cruel and unusual punishments. See Jacobs v. Cumberland County, 8 F.4th 187, 193-94 (3d Cir. 2021); Thomas v. Cumberland County, 749 F.3d 217, 223 n.4 (3d Cir. 2014); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) (Hubbard I); see also Paulino v. Burlington Cnty. Jail, 438 F. App'x 106 (3d Cir. 2011) (nonprecedential) (explaining that "sentenced prisoners are protected from punishment that is 'cruel and unusual,' while pretrial detainees are protected from any punishment" (citing Hubbard I, 399 F.3d at 166-67)).

Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); see also Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); Ali v. Ann Klein Forensic Center, No. 21-CV-316, 2022 WL 138084, at *3 (D.N.J. Jan. 14, 2022) (finding that state hospital "is not a 'person' within the meaning of § 1983").

Strickland purports to sue the Lycoming County NEU for Fourth Amendment violations. (See Doc. 1 at 3, 7). This entity is not a "person" within the meaning of Section 1983 and therefore Strickland has failed to assert a viable constitutional tort claim against it. See Surine v. Edgcomb, 479 F. App'x 405, 408 (3d Cir. 2012) (nonprecedential) (holding that "State Police Emergency Response Team" (SERT) is not a "person" for Section 1983 purposes and "thus may not be sued"). Moreover, Strickland does not allege an unconstitutional policy or custom by the NEU such that a Section 1983 suit could be maintained against Lycoming County. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690-91 (1978). Therefore, his Section 1983 claim or claims against the NEU will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**B.   Claim(s) Against Lycoming County**

As noted above, to assert a Section 1983 claim against a county or other local governing unit, a plaintiff must identify a policy or custom fairly attributable to the governing body that caused him constitutional injury.  See Monell, 436 U.S. at 690-91.  The plaintiff must also plausibly plead facts showing that a defendant is a decisionmaker endowed with authority to promulgate or establish an official custom or policy.  See id. at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) (explaining that a decision to adopt a particular course of action made by the "government's authorized decisionmakers" represents an act of official government policy (emphasis added)); McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (noting that plaintiff failed to "allege conduct by a municipal decisionmaker" in his attempt to assert municipal Section 1983 liability).

Strickland has not identified an unconstitutional policy promulgated by Lycoming County or any county official, nor has he plausibly alleged that any Defendant would have decision-making authority to establish a custom or policy for this local governmental unit.  Instead, he appears to assert *respondeat superior* (or vicarious) liability based on the county's employment of the named Defendants.  (See Doc. 1 at 7 ("The County of Lycoming failed to hold their Judges and Narcotics Unit accountable . . . .")).  But *respondeat superior* liability

does not apply in Section 1983 lawsuits.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Accordingly, any Section 1983 claims against Lycoming County will be dismissed pursuant to Section 1915A(b)(1) as well.

### C.    Judicial Immunity

Strickland sues Judge Butts and Magisterial District Judge Biichle for signing search warrants that he alleges lacked probable cause.  Strickland also asserts an undeveloped claim that his bail was set at an unconstitutionally excessive level, which appears to also target one or both judges.  These claims are barred by judicial immunity.

Judicial officers have absolute immunity from suit with respect to the performance of their judicial duties and cannot be held liable for their judicial acts.  Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)).  This immunity is broad.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Id. (internal quotation marks omitted) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).  Thus, absolute judicial immunity can be overcome only in two rare circumstances: (1) in the case of nonjudicial actions, i.e., "actions not taken in the

10

judge's judicial capacity"; and (2) when actions are taken in the "complete absence of jurisdiction." Mireles, 502 U.S. 9 at 11-12 (citations omitted).

Strickland's claims against Judge Butts and Magisterial District Judge Biichle are plainly barred by judicial immunity. He alleges that they both signed search warrants that lacked probable cause. Of course, determining whether probable cause exists to authorize a search warrant is a quintessential judicial duty, and one for which Judge Butts and Magisterial District Judge Biichle would have jurisdiction. See Pokrandt v. Shields, 773 F. Supp. 758, 764-65 (E.D. Pa. 1991) (holding that common pleas judges were immune from Section 1983 suit for judicial actions); 42 PA. CONS. STAT. § 1515(a)(4) (authorizing magisterial district judges "to preside at arraignments, fix and accept bail . . . , and to issue warrants and perform duties of a similar nature"); Surine, 479 F. App'x at 407 (finding magisterial district judge immune from Section 1983 claim concerning issuance of search warrant). The same reasoning applies to Strickland's excessive bail claim against one or both judges. Accordingly, any Section 1983 claim targeting these judicial officers for conduct alleged in Strickland's complaint is barred by absolute judicial immunity.

### D.    Fourth Amendment False Arrest Claim

Strickland alleges that Detective Havens "issued false statements" in his "affidavit of probable cause." (Doc. 1 at 7). He additionally alleges that Detective

Havens filed for a search warrant "without substantiating the facts" and with "insufficient facts" for criminal prosecution. (Id. at 8). It is thus possible that Strickland is asserting a Fourth Amendment false arrest claim against Detective Havens.

The Fourth Amendment prohibits police from making an arrest except "upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Probable cause exists if there is a "fair probability" that the person committed the crime or crimes at issue. Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000) (citation omitted). Stated differently, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995) (citation omitted).

"To bring a claim for false arrest, a plaintiff must establish (1) that there was an arrest; and (2) that the arrest was made without probable cause." Harvard v. Cesnalis, 973 F.3d 190, 199 (3d Cir. 2020) (citation omitted). False arrest claims will "necessarily fail if probable cause existed for any one of the crimes charged against the arrestee." Id. (quoting Dempsey v. Bucknell Univ., 834 F.3d 457, 477 (3d Cir. 2016)). When a Section 1983 plaintiff alleges that a law enforcement officer provided a false version of events in an affidavit of probable cause, he

12

must plausibly plead that (1) "the officer, with at least a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant," and (2) "those assertions or omissions were material, or necessary, to the finding of probable cause." Dempsey, 834 F.3d at 468-69 (alteration in original) (citation omitted).

If Strickland is attempting to assert a false arrest claim against Detective Havens, he has not done so. Strickland provides only conclusory allegations, i.e., that Detective Havens made "false statements" in his affidavit of probable cause and lacked sufficient facts to petition a judicial officer for a search warrant. Strickland does not allege what "false statements" were made by Detective Havens in the affidavit of probable cause. Nor does he provide any allegations regarding what information Detective Havens' affidavit improperly contained or recklessly omitted, or how that information was material to the finding of probable cause. Strickland's complaint thus lacks the requisite factual basis to conclude that he has plausibly stated a Section 1983 claim for false arrest. That claim will likewise be dismissed under Section 1915A(b)(1) for failure to state a claim.

### E.    Fourteenth Amendment Conditions of Confinement Claim

When a pretrial detainee asserts a conditions-of-confinement claim, the Due Process Clause of the Fourteenth Amendment requires courts to consider "first, whether any legitimate purposes are served by the[] conditions, and

13

second, whether the[] conditions are rationally related to these purposes." See

Hubbard v. Taylor, 538 F.3d 229, 232 (3d Cir. 2008) (Hubbard II) (quoting Union

Cnty. Jail Inmates v. Di Buono, 713 F.2d 984, 992 (3d Cir. 1983)).  If pretrial

detainees are subjected to conditions that are not reasonably related to a

legitimate governmental objective, an inference may be made that the purpose of

the prison official's action is punishment.  Hope v. Warden York Cnty. Prison, 972

F.3d 310, 326 (3d Cir. 2020).  Thus, "a particular measure amounts to

punishment when there is a showing of express intent to punish on the part of

detention facility officials, when the restriction or condition is not rationally related

to a legitimate non-punitive government purpose, or when the restriction is

excessive in light of that purpose." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir.

2007) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

As the Third Circuit instructs, courts confronted with a Fourteenth

Amendment conditions-of-confinement claim must "consider the totality of the

circumstances of confinement." Hope, 972 F.3d at 326 (citing Hubbard I, 399

F.3d at 159-60).  And, like an Eighth Amendment conditions-of-confinement

claim asserted by a convicted prisoner, a Fourteenth Amendment conditions-of-

confinement claim by a pretrial detainee requires a showing of deliberate

indifference on the part of prison officials.  Edwards v. Northampton County, 663

14

F. App'x 132, 135 (3d Cir. 2016) (nonprecedential) (citing Colburn v. Upper Darby Township, 946 F.2d 1017, 1024 (3d Cir. 1991)).

It is possible that Strickland's allegations regarding his conditions of confinement in the DLU at Lycoming County Prison could rise to the level of a constitutional violation. Notably, he alleges that his cell in the DLU was illuminated for 22 of 24 hours a day, which is near-constant lighting. Depending on the brightness of the lighting and the length of exposure, courts have held that such conditions could be unconstitutional. See, e.g., Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 374 (3d Cir. 2019); Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996).

Nevertheless, Strickland has failed to allege who was potentially responsible for the purported unconstitutional conditions, who had knowledge of the conditions and was deliberately indifferent toward them, or whom he informed about the conditions and subsequently acted with deliberate indifference toward them. In fact, Strickland avers that he filed a grievance about the lighting issue and was successful, thus reflecting a lack of deliberate indifference by Lycoming County Prison officials. Without such fundamental allegations of deliberate indifference by any Defendant, dismissal of this claim is required. See Edwards, 663 F. App'x at 135-36.

15

### F.      Fourteenth Amendment Substantive Due Process Claim

Strickland alleges that his Fifth[3] and Fourteenth Amendment substantive due process rights were violated by his "false arrest" and other Fourth Amendment issues.  (See Doc. 1 at 8).  The Due Process Clause of the Fourteenth Amendment to the United States Constitution contains both procedural and substantive protections.  See generally U.S. Const. amend. XIV, § 1.  The substantive component of the Due Process Clause safeguards against certain deprivations of individuals' "life, liberty, and property" by state actors "regardless of the fairness of the procedures used to implement them." L.R. v. Sch. Dist. of Phila., 836 F.3d 235, 241 (3d Cir. 2016) (quoting Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992)).  In a substantive due process challenge to governmental conduct, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Benn v. Univ. Health Sys., Inc., 371 F.3d 165, 174 (3d Cir. 2004) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).

---

[3] Because Strickland is suing only local government officials, he has provided no basis for a claim under the Fifth Amendment, which pertains exclusively to action by the federal government. See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011); Bieregu v. Reno, 59 F.3d 1445, 1454 (3d Cir. 1995) (noting that due process claim against federal officials arises under Fifth Amendment), overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996); Nguyen v. U.S. Cath. Conf., 719 F.2d 52, 54 (3d Cir. 1983) (per curiam) (explaining that Fifth Amendment applies only to "federal governmental action").

A substantive due process claim, however, cannot be maintained when the alleged constitutional violation is "covered by a specific constitutional provision, such as the Fourth or Eighth Amendment." Porter v. Pa. Dep't of Corr., 974 F.3d 431, 447 (3d Cir. 2020) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)). In such situations, the claim must be analyzed under the rubric of the more specific constitutional provision rather than substantive due process, see id., which is an "unchartered area" with "scarce and open-ended" guideposts, Collins, 503 U.S. at 125. The "more-specific-provision rule" will often apply when the challenged conduct underlying the substantive due process claim is the same conduct that implicates a more specific constitutional provision. See Porter, 974 F.3d at 448.

Strickland's substantive due process claim is barred by the more-specific-provision rule. He is simply repackaging his Fourth Amendment claim (or claims) as an alleged substantive due process violation, which he cannot do. This repackaging is exemplified by the fact that Strickland does not plead any specific due process allegations beyond what he has claimed are violations of his Fourth Amendment rights. Accordingly, the Fourteenth Amendment substantive due process claim will be dismissed for failure to state a claim under Section 1915A(b)(1) as well.

17

### G.    Habeas Claims

As part of his requested relief, Strickland seeks to have the criminal charges filed against him dismissed.  (See Doc. 1 at 8).  To the extent that Strickland is attempting to attack his confinement and ongoing state criminal prosecutions through Section 1983, he cannot do so.  Any such claim must be raised in a petition for a writ of habeas corpus, not a civil rights lawsuit.  See Leamer v. Fauver, 288 F.3d 532, 540-41 (3d Cir. 2002).  Thus, any habeas claims Strickland may be attempting to raise will be dismissed without prejudice to his right to assert them in an appropriate habeas petition following state-court exhaustion.

### H.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."  Grayson, 293 F.3d at 114.  The court will grant Strickland limited leave to amend in the event that he could plausibly allege a Section 1983 claim.  Strickland, however, may not reassert his Section 1983 claims against Judge Butts or Magisterial District Judge Biichle, as those claims are clearly barred by judicial immunity.  He likewise may not replead a substantive due process claim that is covered by a more specific constitutional provision.  Additionally, he may not reallege any claims collaterally attacking the

18

validity of his confinement or pending criminal prosecutions, as those claims must be raised in a habeas corpus petition.

Leave to amend will also be limited to a pleading that complies with the joinder rules set forth in Federal Rule of Civil Procedure 20(a)(2). Strickland is essentially attempting to bring multiple, unrelated lawsuits in a single complaint. This he cannot do. The allegations that make up his claims concerning the Fourth Amendment search and seizure issues are not part of the "same transaction, occurrence, or series of transactions or occurrences" underlying his Fourteenth Amendment conditions-of-confinement claim involving his pretrial detention at Lycoming County Prison, nor is there a "question of law or fact common to all defendants" such that these claims and defendants could be permissively joined together in this action. See FED. R. CIV. P. 20(a)(2)(B). Simply put, the Fourth Amendment claims are not related to the Fourteenth Amendment claims, and they target different defendants. So they must be brought in different lawsuits. See id. Strickland, therefore, must choose which allegations and defendants he will pursue in an amended complaint and leave the other unrelated claims and defendants out.

Strickland is free to file an additional lawsuit based on the unrelated allegations that he cannot include in the amended complaint, although the court notes that he would be required to pay the filing fee for each case filed. See

19

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong in different suits" not only to prevent confusion but also to ensure that prisoners pay the required filing fees under the PLRA); Redding v. Bilinski, No. 3:15-cv-1047, 2015 WL 3710842, at *1-2 (M.D. Pa. June 12, 2015) (same).

If Strickland chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his Section 1983 claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs.  Strickland must address the pleading deficiencies identified in this Memorandum.  Most notably, he must clearly set forth the personal involvement of any named defendant in the alleged constitutional violation.  That is, he must plausibly plead the unconstitutional action (or inaction) of each defendant he is attempting to sue.

Strickland must also sign the amended complaint and indicate the nature of the relief sought.  He may not include unrelated claims against different defendants in violation of Rule 20(a)(2).  If Strickland files an amended complaint that disregards the foregoing guidance, that filing will be summarily stricken from the record.  If he does not timely file an appropriate amended pleading, dismissal

of his complaint will automatically convert to dismissal with prejudice and the court will close this case.

## IV.    CONCLUSION

Based on the foregoing, the court will dismiss Strickland's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.  Limited leave to amend will be granted.  An appropriate Order follows.

Date: 5/19/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

21